IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

TROY AUCOIN,

   Plaintiff,

     v.

CAROLYN DELL CONNELL, et al.,

   Defendants.

CIVIL ACTION FILE
NO. 1:05-CV-529-TWT

OPINION AND ORDER

This is a personal injury action. It is before the Court on Defendant Carolyn Dell Connell's Motion for Summary Judgment [Doc. 25] and Defendant Willis Connell's Motion for Summary Judgment [Doc. 26]. For the reasons set forth below, the Defendant Carolyn Dell Connell's Motion for Summary Judgment [Doc. 25] is GRANTED. The Defendant Willis Connell's Motion for Summary Judgment [Doc. 26] is GRANTED.

I. BACKGROUND

On January 19, 2003, Defendant Carolyn Connell was involved in a car accident with the Plaintiff, Troy Aucoin, in Atlanta, Georgia. Ms. Connell, a North Carolina resident, was in Atlanta on vacation between semesters at the University of North Carolina-Greensboro. The car driven by Ms. Connell, a 1998 Ford Escort, had

been purchased for her in the summer of 2000 so that she could drive to school and to work. Because Ms. Connell was under the age of 18 when the car was purchased, it was registered and titled in the name of her mother, Doris Connell.

The Plaintiff filed this personal injury lawsuit against Carolyn Connell and her father, Willis Connell, on January 19, 2005, the last day permitted under Georgia's two year statute of limitations. He alleges that Mr. Connell is liable for his injuries under both the family purpose doctrine and because Mr. Connell negligently entrusted the car to his daughter. Both Defendants have filed motions for summary judgment.

## II.  SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

III. DISCUSSION

A.  Defendant Carolyn Connell's Motion for Summary Judgment

Defendant Carolyn Connell asserts that she was never properly served with process.  Under Georgia's Long Arm Statute, upon which the Plaintiff has relied in this case, a plaintiff may serve a person residing outside the state of Georgia in the same manner as service upon a person in the state, provided that service outside the state is made by an individual so authorized under the laws of that state.  O.C.G.A. § 9-10-94.  The Plaintiff was thus required to serve Ms. Connell with this lawsuit at her "dwelling house or usual place of abode."  O.C.G.A. § 9-11-4 (e)(7).  Personal service under Rule 4(e) has a similar requirement.

A court must engage in the following analysis to determine whether a defendant was properly served.  First, a sheriff's return of service provides prima facie proof that proper service was rendered.  Yelle v. U.S. Suburban Press, Inc., 216 Ga. App. 46, 47 (1995).  "The return can only be set aside upon evidence which is not only clear and convincing, but the strongest of which the nature of the case will admit."  Id. (citations and punctuation omitted); McCrae v. White, 269 Ga. App. 455, 456 (2004).  The trial court has discretion, however, to determine whether the defendant has presented evidence sufficient to overcome the facts stated in a return of service.  Webb v. Tatum, 202 Ga. App. 89, 91 (1991).  If the defendant meets this requirement, the burden then

shifts back to the plaintiff to provide additional evidence showing that proper service was made. Id.

Here, the Plaintiff has submitted a sheriff's return of service as evidence that proper service was made on Ms. Connell. [Doc. 10]. However, the return shows that service was made upon her father at her parents' home and that she was not personally served. Ms. Connell has further testified without dispute that she moved from her parents' home in August, 2004 and set up her own residence in Greensboro, North Carolina where she attended college. (Carolyn Connell's Aff. ¶ 14.) After moving, she also changed the address on her driver's license and at the administrative office at her college so that she now receives University related mailing, as well as her W-2 tax statements, at this home address. (Id. ¶¶ 15-17.) A sheriff's lack of personal knowledge that the residence where service was rendered was in fact the defendant's dwelling, coupled with the defendant's affidavit establishing her true residence, will be sufficient to overcome the prima facie presumption that service was properly made. McCrae, 269 Ga. App. at 457. The Defendant has thus provided the requisite proof that she no longer resided at her parents' home.

Under this burden shifting analysis, the Plaintiff must then provide further evidence that proper service was rendered. According to the Plaintiff, the sheriff who served the summons and complaint determined from his discussion with her father

that she still resided there and that Mr. Connell would deliver the documents to her. (Pl.'s Resp. to Def. Carolyn Connell's Mot. for Summ. J., at 5.)  Given the unrefuted evidence that she had moved several months earlier and had even changed the address on her driver's license, this testimony does not carry the Plaintiff's burden.  The Court concludes that Ms. Connell was not properly served in January, 2005.

In Georgia, once a defendant challenges service, the plaintiff's duty to ensure proper service is elevated from due diligence to that of "the greatest possible diligence."  Wade v. Whalen, 232 Ga. App. 765, 766 (1998).  Ms. Connell raised this issue of improper service in her February 25, 2005 Answer [Doc. 2] and her March 21, 2005 Amended Answer [Doc. 3] to the Complaint.  As evidence that he has since met this requirement, the Plaintiff offers only that he sought to remedy any error by seeking an acknowledgment of service from Ms. Connell's attorney and serving her with a complete copy of all documents filed in federal court.  (Pl.'s Resp. to Def. Carolyn Connell's Mot. for Summ. J., at 5.)  Despite being put on notice of the service deficiency through Ms. Connell's answer, the Plaintiff admits that he did not even attempt to re-serve the Defendant until July 7, 2005.  (Id. at 2.)  This extended period of delay, over four months after becoming aware of the deficiency and almost six months after the statute of limitations had run, does not demonstrate "greatest diligence" under Georgia law.  See Wade, 232 Ga. App. at 768 (concluding that the

trial court had not abused its discretion by finding a lack of greatest diligence where the plaintiff caused four separate delays in service of 47, 28, 21 and 25 days); Patterson v. Johnson, 226 Ga. App. 396, 398 (1997) (finding insufficient diligence where the defendant was not served until 44 days after the statute expired and over four months after the plaintiff became aware of the defendant's correct address). In fact, Ms. Connell still has not been personally served. (Carolyn Connell's Aff. ¶ 20.) Due to this continued failure by the Plaintiff, the Defendant Carolyn Connell's Motion for Summary Judgment must be granted.

    B.  Defendant Willis Connell's Motion for Summary Judgment

The Plaintiff makes two claims against Willis Connell in this lawsuit. He alleges that Mr. Connell is liable for his injuries under both the family purpose doctrine and because the Defendant negligently entrusted an automobile to his daughter.

    1.    Family Purpose Doctrine

Under the family purpose doctrine, the head of a family can be held liable for the negligence of another member of that family while driving a family car. The Plaintiff must demonstrate four distinct elements to establish a claim under this doctrine: (1) the defendant owns the automobile or has a recognized interest in it; (2) the defendant made the car available for family use; (3) the negligent driver is a

member of the defendant's immediate family; and (4) the car was driven at the time of the negligence with the permission or acquiescence of the defendant. Finnocchio v. Lunsford, 129 Ga. App. 694 (1973). The Court finds that the Plaintiff has failed to show a genuine issue of disputed fact as to every element of this inquiry.

The threshold issue in this analysis is whether the Defendant held authority or control over the automobile. See Murch v. Brown, 166 Ga. App. 538, 539 (1983).

In Georgia:

> [A] mere showing that the vehicle was registered in the head of household's name and utilized by a family member alone is not sufficient to establish this to be a family purpose car. The doctrine applies to render the defendant vicariously liable if he had the right to exercise such authority and control that it may be concluded that an agency relationship existed between him and the family member with respect to the use of the vehicle.

Marshall v. Whaley, 238 Ga. App. 776, 778 (1999) (citing Wahnschaff v. Erdman, 232 Ga. App. 77, 81(2) (1998)). Here, the Plaintiff has failed to demonstrate an agency relationship. The Defendant did not own or have any registered interest in the car. Ms. Connell's mother, Doris Connell, paid for the car, and because Ms. Connell was under the age of 18 at the time of its purchase, the car was titled and registered in her mother's name. (Carolyn Connell's Aff. ¶ 10.) Moreover, the Plaintiff has failed to show even one instance where Willis Connell exercised any authority over his daughter's use of the car. See Marshall, 238 Ga. App. at 778 (holding that the

plaintiff's showing of one instance where the defendant advised his son to park his pickup truck did not create a triable issue as to the defendant's authority and control over the car). It is undisputed that Ms. Connell's parents have never restricted her use of the car. (Carolyn Connell's Dep. at 46.) Accordingly, there can be no liability as to this Defendant under the family purpose doctrine. Thus, the Court need go no further in its analysis of this claim.

### 2. Negligent Entrustment

To prove negligent entrustment, the Plaintiff must establish that Mr. Connell entrusted the car to his daughter with actual knowledge of her incompetence. Marshall, 238 Ga. App. at 779. Liability under this theory thus requires "both the exercise of the power to entrust an instrumentality and actual knowledge of the incompetency of the one to whom the instrumentality is entrusted." Viau v. Fred Dean, Inc., 203 Ga. App. 801, 803 (1992). This claim fails for several reasons. First, as discussed above, Mr. Connell did not have ownership or authority over the car.

Furthermore, the Plaintiff has failed to show that Mr. Connell had any knowledge that his daughter was an incompetent driver. The Plaintiff presumes that Mr. Connell must have known of her driving conduct because he heard Mr. Connell yelling at his daughter over the phone following her accident. According to the Plaintiff, this shows his supposed anger that she had gotten into another accident.

(Pl.'s Resp. to Def. Willis Connell's Mot. for Summ. J., at 4.)  As pointed out by the Defendant, however, Mr. Connell could have been yelling simply because he had a bad connection or was struggling to be heard over background noise.  This alone does not demonstrate Mr. Connell's knowledge of his daughter's alleged incompetency.  In fact, Mr.Connell explicitly testified that he had no knowledge that would lead him to believe that his daughter was an incompetent driver.  (Willis Connell's Aff. ¶¶ 4-5.) Moreover, during Mr. Connell's deposition, the Plaintiff failed to even inquire as to the Defendant's knowledge of his daughter's driving record.

Finally, to demonstrate her incompetence, the Plaintiff presents evidence of Ms. Connell's driving record and that her car had some obvious body damage.  (Carolyn Connell's Dep. at 10-19.)  Even assuming that her father knew of this, the Court does not find that a record consisting of a few minor collisions and speeding tickets constitutes incompetence.  See Danforth v. Bulman, 276 Ga. App. 53 (2005) (denying a negligent entrustment claim where a parent knew about her child's previous collisions as well as two prior arrests for underage drinking).  The Court thus holds that the Plaintiff has not created a triable issue of negligent entrustment.  Summary judgment for the Defendant is warranted.

## IV. CONCLUSION

For the reasons set forth above, both Defendant Carolyn Dell Connell's Motion for Summary Judgment [Doc. 25] and Defendant Willis Connell's Motion for Summary Judgment [Doc. 26] are GRANTED.

SO ORDERED, this 3 day of March, 2006.

/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge